UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

DUSTIN J. TRIMM,

        Petitioner,

v.

MICHAEL SHEAHAN,

        Respondent.

9:14-CV-0905
(TJM/DEP)

---

APPEARANCES:        OF COUNSEL:

DUSTIN J. TRIMM
13-A-3631
Petitioner, pro se
Great Meadow Correctional Facility
Box 51
Comstock, NY 12821

THOMAS J. MCAVOY
Senior United States District Judge

# DECISION and ORDER

## I. INTRODUCTION

On or about July 7, 2014, petitioner Dustin J. Trimm filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 in the Western District of New York. Dkt. No. 1, Petition ("Pet."). On July 15, 2014, the petition was transferred to this court. Dkt. No. 2, Decision and Order, Skretny, J. Petitioner is confined at the Great Meadow Correctional Facility and has paid the required filing fee. For the reasons that follow, this action is dismissed without prejudice.

## II. THE PETITION

In his petition, petitioner challenges a 2013 judgment of conviction in the St. Lawrence

County Court, upon his guilty plea, of first degree manslaughter and related charges. Pet. at 2. He argues that his guilty plea was involuntary and was made without an understanding of the consequences (Grounds One and Three), and his conviction was obtained in violation of his right to equal protection (Ground Two). Pet. at 7-8. Petitioner states that he plans to present his claims to the Appellate Division in his direct appeal, and has counsel to represent him, but that his appeal has not yet been perfected. *Id.* at 3, 6, 8-9. For a complete statement of petitioner's claims, reference is made to the petition.

### III. DISCUSSION

An application for a writ of habeas corpus may not be granted until a petitioner has exhausted all remedies available in state court unless "there is an absence of available State corrective process" or "circumstances exist that render such process ineffective to protect the rights of the applicant." 28 U.S.C. § 2254 (b)(1)(A), (B)(I), (ii). The exhaustion requirement "is principally designed to protect the state courts' role in the enforcement of federal law and prevent disruption of state judicial proceedings[.]" *Jimenez v. Walker*, 458 F.3d 130, 149 (2d Cir. 2006) (quoting *Rose v. Lundy*, 455 U.S. 509, 518 (1982)).

To satisfy the exhaustion requirement, a petitioner must do so both procedurally and substantively. Procedural exhaustion requires that a petitioner raise all claims in state court prior to raising them in a federal habeas corpus petition. Substantive exhaustion requires that a petitioner "fairly present" each claim for habeas relief in "each appropriate state court (including a state supreme court with powers of discretionary review), thereby alerting that court to the federal nature of the claim." *Baldwin v. Reese*, 541 U.S. 27, 29 (2004) (citations omitted); *Fama v. Comm'r. of Corr. Servs.*, 235 F.3d 804, 808 (2d Cir. 2000). Finally, the

2

petitioner must have used the proper procedural vehicle so that the state court may pass on the merits of petitioner's claims. *Dean v. Smith*, 753 F.2d 239, 241 (2d Cir. 1985); *Barton v. Fillion*, No. 9:03-CV-1377 (DNH/GJD), 2007 WL 3008167 at *5 (N.D.N.Y. Oct. 10, 2007).

In this case, exhaustion requirement has not been met because none of petitioner's claims have been presented to the state courts. Pet. at 3, 6. There is no basis on the record before this court to conclude that there is an absence of available State corrective process (*e.g.*, where there is no further state proceeding for a petitioner to pursue) or circumstances exist that render that state court process ineffective to protect petitioner's rights (*e.g.* where further pursuit would be futile). 28 U.S.C. § 2254(b)(1)(B)(I), (ii); *Lurie v. Wittner*, 228 F.3d 113, 124 (2d Cir. 2000). Petitioner has state court remedies available to him, and is in the process of exhausting those remedies by appealing his conviction with the assistance of appellate counsel. *See* Pet. at 8-9. It is not futile to require him to complete exhaustion of his state court remedies prior to pursuing a federal habeas petition.[1]

In sum, petitioner filed this federal habeas petition prematurely and it is therefore dismissed without prejudice to re-filing it in the appropriate district court once he has exhausted his state court remedies.[2] *See Diguglielmo v. Senkowski*, 42 F. App'x. 492, 496

---

[1] Under the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"), in certain circumstances, federal courts have discretion to review and deny on the merits any unexhausted claims that are "plainly meritless" (*Rhines v. Weber*, 544 U.S. 269, 277 (2005)) or "patently frivolous." *McFadden v. Senkowski*, 421 F. Supp. 2d 619, 621 (W.D.N.Y. 2006); *Wheeler v. Phillips*, No. 1:05-CV-4399, 2006 WL 2357973 at *5 (E.D.N.Y. Aug. 15, 2006); 28 U.S.C. § 2254(b)(2). Stated another way, unexhausted claims may be reviewed on the merits only if the habeas court is going to deny the entire petition. 28 U.S.C. § 2254(b)(2).

[2] The timeliness of any subsequent habeas petition under the AEDPA appears not to be a concern in this case. Review of petitioner's claims in state court has not yet concluded, and thus the one-year statute of limitations during which to file a habeas petition has not begun to run. 28 U.S.C. § 2244(d)(1)(A)-(D); *Foster* v. Spitzer, No. 9:07-CV-0103 (LEK/DRH), 2007 WL 1531904 at *2 (N.D.N.Y. Mar. 5, 2007). Finally, if petitioner's claims are unsuccessful in state court, a subsequent habeas petition should not run afoul of the "second or successive petition" limitations because this petition is being dismissed for failure to exhaust and not on the merits. *Burton v. Stewart*, 549 U.S. 147, 155 (2007) (citing *Slack v. McDaniel*, 529 U.S. 473, 478 (2000) ("[A] habeas petition which is filed after

(2d Cir. 2002) ("[B]ecause the New York Court of Appeals has not yet had an opportunity to address DiGuglielmo's federal claims, comity requires that we allow that court an opportunity to do so. Accordingly, we dismiss DiGuglielmo's petition without prejudice. This will allow DiGuglielmo to pursue any procedural options available to him in New York state court, and then take whatever steps may be appropriate to return to federal court if necessary.") (footnote omitted); *Nash v. Evans*, No. 9:10-CV-0361 (GLS), 2010 WL 1423196 at *1 (N.D.N.Y. Apr. 9, 2010) (declining to review and deny unexhausted claims presented in the petitioner's petition, and dismissing habeas petition without prejudice where the claims were "presently awaiting appellate review[.]"); *Foster v. Spitzer,* No. 9:07-CV-0103, 2007 WL 1531904 at 1-2 (N.D.N.Y. Mar. 5, 2007) (habeas petition dismissed where petitioner was in the "preliminary stages of the appellate process" and had not yet completed state appellate review of his claims).[3]

## IV. CONCLUSION

**WHEREFORE**, it is

**ORDERED** that this action is **DISMISSED WITHOUT PREJUDICE** for failure to exhaust available state court remedies; and it is further

**ORDERED**, that no certificate of appealability shall issue because petitioner has failed

---

an initial petition was dismissed without adjudication on the merits for failure to exhaust state remedies is not a 'second or successive' petition" as that term is understood in the habeas corpus context.")).

[3] Petitioner is advised that any renewed habeas petition must be accompanied by either the required filing fee ($5.00) or an application to proceed in forma pauperis that has been certified or signed by an appropriate prison official with regard to the balance, and average balance, in any account in petitioner's name at the facility. Rule 3(a) of the Rules Governing Section 2254 Cases in the United States District Courts. To avoid any problems with the statute of limitations, petitioner should promptly file any renewed section 2254 habeas petition upon exhaustion of his state court remedies. 28 U.S.C. § 2244(d)(2).

to make a "substantial showing of the denial of a constitutional right" pursuant to 28 U.S.C. § 2253(c)(2); and it is further

**ORDERED**, that the Clerk serve a copy of this Decision and Order upon petitioner in accordance with the Local Rules.

**IT IS SO ORDERED**.

Dated: July 23, 2014

Thomas J. McAvoy
Senior, U.S. District Judge